**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

CARYN LOZA,                                              :
                                                        :
     Plaintiff,                  :           Civil Action No. 15-8964 (SRC)
                                                        :
     v.                          :           **OPINION**
                                                        :
COMMISSIONER OF SOCIAL                                   :
SECURITY,                                                :
                                                        :
     Defendant.                  :
_____:

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Caryn Loza ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning April 15, 2010. A hearing was held before ALJ Leonard Olarsch (the "ALJ") on May 15, 2014, and the ALJ issued a partially favorable decision on August 12, 2014, finding Plaintiff disabled as of the date she turned 50, February 8, 2012, but not before. After the Appeals Council denied Plaintiff's request for review of the determination of the date of onset, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

This appeal thus addresses only the question of disability during the period between April 15, 2010 and February 8, 2012. In the decision of August 12, 2014, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain limitations. At step four, the ALJ also found that, during the period at issue, Plaintiff retained the residual functional capacity to perform her past relevant work as a customer service representative, "as it is generally performed." (Tr. 19.) The ALJ also conducted an alternative analysis and proceeded to step five. At step five, the ALJ consulted a vocational expert and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that, during the period between April 15, 2010 and February 8, 2012, Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on three grounds: 1) the step four determination of Plaintiff's past relevant work is not based on substantial evidence; 2) the ALJ did not follow the requirements in HALLEX for addressing a borderline age situation; and 3) the residual functional capacity determination is not supported by substantial evidence.

As to the first point, regarding the determination of Plaintiff's past relevant work, there is no dispute that the ALJ did *not* find that Plaintiff could perform her past relevant work, during the period at issue, as she performed it. Rather, as already stated, the ALJ found that Plaintiff could perform her past relevant work as a customer service representative, "as it is generally

performed." (Tr. 19.)  Plaintiff contends that this does not conform to the requirements stated in SSR 82-62, which addresses the step four past relevant work determination.  Furthermore, Plaintiff argues that "the step 4 past work denial is not based on substantial evidence but rather on ignoring evidence – from the DDS, from the plaintiff, from the VE." (Pl.'s Br. 18.)

In opposition, the Commissioner points out that SSR 82-61 states that the past relevant work determination may be based on *either* the actual demands of the claimant's past relevant job *or* the "functional demands and job duties of the occupation as generally required by employers throughout the national economy."  The ALJ applied the latter test.  In his decision, the ALJ explained that he based his determination of Plaintiff's past relevant work, as it is generally performed, on the testimony of the vocational expert.  (Tr. 19.)  At the hearing, the ALJ presented the vocational expert with a hypothetical that reflected Plaintiff's relevant characteristics, and the expert testified that such a person would be able to perform "the occupation of customer service representative as it's described in the Dictionary of Occupational Titles." (Tr. 58.)

Plaintiff did not submit any reply brief.  This Court finds that the ALJ applied the past relevant work standard stated in SSR 82-61, which permits the ALJ to determine past relevant work based on the demands of the job as it is generally required by employers, and that the ALJ relied on the testimony of the vocational examiner to support his determination.  The ALJ's past relevant work determination is supported both by the regulations and by substantial evidence.

Plaintiff next argues that the ALJ erred in his treatment of what Plaintiff contends was a "borderline age situation" – related to the fact that Plaintiff turned 50 on February 8, 2012, and

so was 48 on April 15, 2010, the first day of asserted disability.[1]  Plaintiff cites "HALLEX 5-302A," which does not presently exist.  A HALLEX section on borderline age, HALLEX § II-5-3-2, used to exist, but the Social Security Administration removed that section in March of 2016, and published new borderline age instructions in HALLEX § I-2-2-42.

HALLEX § I-2-2-42 provides a lengthy set of instructions on this subject, and this Court will discuss only the two most relevant parts.  First, the borderline age concept is relevant only "[i]f a claimant is within a few days to a few months of reaching an older age category."  HALLEX § I-2-2-42(A).  Thus, at the maximum, HALLEX § I-2-2-42 applies only to "a few months" prior to February 8, 2012, a time period which began near the end of 2011.  It has no applicability to the majority of the period from April 15, 2010 through February 8, 2012.

Second,  HALLEX § I-2-2-42(C)(2) generally sets forth a broad set of relevant factors, and then HALLEX § I-2-2-42(C)(3) states:

> To support the use of the higher age category, the claimant must show that the factor(s) have a progressively more adverse impact on his or her ability to adjust to other work as the period between the claimant's actual age and attainment of the next higher age category lengthens.

This Court need not fully explicate the meaning of this, as it is sufficient to observe that HALLEX § I-2-2-42(C)(3) places a burden of persuasion on Plaintiff that Plaintiff has not begun to meet.  Plaintiff's brief does not even mention this requirement.  Plaintiff has not demonstrated that, considering the factors referenced in HALLEX § I-2-2-42(C)(2), the factors have a progressively more adverse impact on her ability to adjust to other work as the period between the claimant's actual age and attainment of the next higher age category lengthens.  Plaintiff has

---

[1] Plaintiff contends, in short, that, because the ALJ found Plaintiff to be disabled upon turning age 50, she should be found to be disabled at age 48.

not demonstrated that the ALJ failed to follow the requirements of HALLEX.

Plaintiff next argues that the residual functional capacity determination is not supported by substantial evidence.  Plaintiff's brief on this point, however, begins with a mix of general legal boilerplate on the subject, followed by a stream-of-consciousness list of vaguely-related comments.  The only cognizable point in this concerns the ALJ's failure to explain one statement.  At step four, the ALJ's decision contains a subheading which states: "Due to distraction owing to some back pain, she would be off task for up to 10% of the workday."  (Tr. 14.)  Although this was followed by a fairly detailed discussion of the evidence, Plaintiff is correct that the ALJ did not at any point explain the basis for this conclusion.  The ALJ did not discuss this aspect of the determination, and so did not cite any evidence, much less substantial evidence, in support.  The question is, then, is this a material error, or a harmless error, or does it make the decision unreviewable?

Plaintiff here has failed to come to grips with the harmless error doctrine.  The Supreme Court explained its operation in a similar procedural context in <u>Shinseki v. Sanders</u>, 556 U.S. 396, 409-10 (2009), which concerned review of a governmental agency determination.  The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination. . . [T]he party seeking reversal normally must explain why the erroneous ruling caused harm."  Plaintiff has made no such showing here and, absent this required showing, the Court has no basis to find that Plaintiff was harmed by any error.

The ALJ's discussion of the evidentiary basis for the residual functional capacity determination is notable because of both the volume of evidence the ALJ reviewed and the care with which he reviewed it.  The discussion is over six single-spaced pages long, and, were this

Court to list every piece of evidence the ALJ considered, it would be a long list.  This Court

finds that the residual functional capacity determination is supported by substantial evidence.

For the foregoing reasons, this Court finds that the Commissioner's decision, as to the

time period at issue, is supported by substantial evidence, and the Commissioner's decision is

affirmed.

                                                                       __ s/ Stanley R. Chesler_____
                                                                    STANLEY R. CHESLER, U.S.D.J.

Dated: February 22, 2017