NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
CARYN LOZA,                         :
                                    :
    Plaintiff,                      :       Civil Action No. 15-8964 (SRC)
                                    :
    v.                              :       **OPINION & ORDER**
                                    :
COMMISSIONER OF SOCIAL              :
SECURITY,                           :
                                    :
    Defendant.                      :
_____ :

**CHESLER, District Judge**

    This matter comes before the Court on the motion for reconsideration of the Opinion and Order of February 22, 2017 by Plaintiff Caryn Loza ("Plaintiff"). The Commissioner did not oppose the motion. For the reasons stated below, the motion will be granted.

    In the Opinion of February 22, 2017, this Court affirmed the final decision of the Commissioner of Social Security ("Commissioner") determining that Plaintiff was not disabled under the Social Security Act. In considering Plaintiff's challenges to the ALJ's step four residual functional capacity determination, this Court had agreed with Plaintiff that the ALJ had failed to provide any support for his conclusion that: "Due to distraction owing to some back pain, she would be off task for up to 10% of the workday." (Tr. 14.) This Court ruled, however, that Plaintiff had not provided a rationale for finding that this was other than harmless error.

    Plaintiff now moves for reconsideration of this decision, contending that the original brief did provide a basis to find that the error was harmful, but that this Court overlooked it. This Court agrees. In addition to pointing to the ALJ's unsupported conclusion about being off

task for 10% of the workday, Plaintiff's original brief did point to a key section of cross-examination of the vocational expert.  The ALJ had given the vocational expert a hypothetical, which included a limitation of being off task for up to 10% of the workday, and the vocational expert had stated that such a person would be able to perform the occupation of customer service representative, as it is generally performed.  (Tr. 58.)  Plaintiff's brief had pointed to the cross-examination of the expert in which the expert stated that, were Plaintiff off task for 11% or more of the workday, it "would be a problem."  (Tr. 67.)

Plaintiff now argues that this showed why the ALJ's failure to support the 10% conclusion was harmful to her, because it was essential to the conclusion that she retained the residual functional capacity to perform her past relevant work.  This Court agrees.  Plaintiff's brief both pointed to a determination that was not supported by any evidence, and explained how she was harmed by it.[1]  The Court will grant Plaintiff's motion for reconsideration and vacate its Order of February 22, 2017.  Plaintiff has persuaded this Court that the Commissioner's determination is not supported by substantial evidence, and the decision will be vacated and remanded for further proceedings in accordance with this decision.

For these reasons,

**IT IS** on this 3rd day of April, 2017

**ORDERED** that Plaintiff's motion for reconsideration (Docket Entry No. 12) is **GRANTED**; and it is further

**ORDERED** that this Court's Order entered February 22, 2017 (Docket Entry No. 11),

---

[1] At the same time, the Court observes that Plaintiff's brief might have helped the Court find this point by highlighting it, rather than leaving it for the last few lines of the brief.  This also shows the difficulties of using a kitchen sink approach to a Social Security appeal.

affirming the Commissioner's decision, is hereby **VACATED**; and it is further

**ORDERED** that the Commissioner's decision is **VACATED** and this case is **REMANDED** to the Commissioner for further proceedings in accordance with this Opinion and Order.

       s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.